UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>STEVEN M. BERESFORD, et al.,<br><br>                Defendants. | Case No. C21-5345-JCC-SKV<br><br>ORDER RE: MOTION TO CORRECTLY IDENTIFY OWNER OF MORTGAGE LOAN IN COMPLAINT |

Defendants Steven Beresford and Diana McKnight aka Diana Beresford (Defendants), proceeding pro se in this civil matter, filed a Motion to Correctly Identify the Owner of the Mortgage Loan in the Complaint. Dkt. 29. Defendants identify a discrepancy in documents transferring ownership of the deed of trust securing the first mortgage on the "Subject Property" at issue in the First Amended Complaint and relating to named Defendant Wilmington Trust Company as Trustee for Mastr Alternative Loan Trust 2004-4 Mortgage Pass-Through Certificates, Series 2004-4 (Wilmington). *See* Dkts. 21, 29 & 40. Specifically, Defendants contend the documents show both Wilmington and Wilmington Trust Company as Trustee for Mastr Alternative Loan Trust 2004-6 (MALT 2004-6) as assignees of the deed of Trust. *Id.*

ORDER RE: MOTION TO CORRECTLY
IDENTIFY OWNER OF MORTGAGE LOAN IN
COMPLAINT - 1

Plaintiff United States of America takes no position on the relief requested. Dkt. 40. It states that, should Wilmington and the Court determine Plaintiff has not named the proper holder of the deed of trust, Plaintiff will amend the pleading or take other action to substitute the proper defendant pursuant to 26 U.S.C. § 7403(b) ("All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."). Plaintiff observes that Defendants did not serve Wilmington with a copy of their motion and asserts that, as the party directly affected by Defendants' motion, Wilmington should be served with a copy of the motion and given an opportunity to fully respond. Plaintiff requests that the Court order Defendants to serve the motion on Wilmington and set a noting date in accordance with Local Civil Rule 7. Plaintiff nonetheless contacted counsel for Wilmington and learned Wilmington believed there was an error in the case caption of the state court foreclosure proceeding brought against Defendants and that the holder of the deed of trust is MALT 2004-6. Dkt. 40-1, ¶¶2-3. Further, counsel for Wilmington advised that he was working to confirm the true owner of the deed of trust and may file a motion in state court to correct the case caption and thereafter respond to Defendants' motion. *Id.*, ¶3.

In a May 31, 2022 Order granting a joint and unopposed motion, the Court held that Wilmington and another named Defendant were excused from further participation in this case, including, but not limited to, scheduling conferences, settlement conferences, and trial, "and shall be deemed essentially as third parties to the action." Dkt. 27 at 2. In the associated motion, Plaintiff explained that Wilmington was named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property and had waived service of process of the First Amended Complaint, while agreeing to be bound by all orders of the Court. Dkt. 26, ¶¶6, 17, 20.

ORDER RE: MOTION TO CORRECTLY
IDENTIFY OWNER OF MORTGAGE LOAN IN
COMPLAINT - 2

A review of the docket reveals that Wilmington has not appeared in this matter. Given that fact and the limited nature of Wilmington's involvement in this action, the Court declines to Order the pro se Defendants to serve Wilmington with a copy of their motion. The Court further finds that, at present, any action in relation to Defendants' motion appears premature. Accordingly, the Court herein ORDERS Plaintiff, as the party in contact with Wilmington, to provide the Court with a status update as to the correct owner of the first mortgage on the Subject Property and the need, if any, to amend its pleading. Plaintiff shall provide that update, or move to amend, within **sixty (60) days** of the date of this Order.[1] The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 16th day of August, 2022.

*S. Kate Vaughan (signature)*

S. KATE VAUGHAN
United States Magistrate Judge

---

[1] Plaintiff may, alternatively, again communicate with counsel for Wilmington and request that counsel for Wilmington file a notice of appearance and provide the above-described status update.

ORDER RE: MOTION TO CORRECTLY
IDENTIFY OWNER OF MORTGAGE LOAN IN
COMPLAINT - 3