UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>    v.<br><br>STEVEN M. BERESFORD, et al.,<br><br>             Defendants. | CASE NO. C21-5345-JCC-SKV<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND BACKGROUND

Plaintiff United States of America brought this civil action to reduce to judgment the assessments of outstanding tax liabilities of Defendant Steven Beresford and to foreclose federal tax liens upon real property located at 19300 NE 6th Street, Camas, Washington 98607. Dkt. 21. Plaintiff also seeks a declaratory judgment that the tax assessments are excepted from Mr. Beresford's bankruptcy discharge. *Id*. Plaintiff included Diana Beresford, aka Diana McKnight, as a Defendant pursuant to 26 U.S.C. § 7403(b) because she may hold an interest in the property at issue. *See also id*., ¶¶8-11 (naming other defendants that may hold interests in the property).

Now pending before the Court is a Motion to Dismiss Amended Complaint filed by Steven and Diana Beresford (hereinafter "Defendants"). Dkt. 34. Plaintiff opposes the motion.

REPORT AND RECOMMENDATION - 1

Dkt. 39. The Court, having considered the briefing, recommends Defendants' Motion to Dismiss be DENIED for the reasons set forth below.

DISCUSSION

A. <u>Legal Standard</u>

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Under that rule, a defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering a Rule 12(b)(6) motion to dismiss, a court cannot, as a general matter, consider facts outside the complaint without converting the motion to a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (citations omitted). If converted to a motion for summary judgment, all parties must be provided a reasonable opportunity to present all material pertinent to the motion. Fed. R. Civ. P. 12(d).

B. <u>Defendants' Motion to Dismiss</u>

In this case, the Court finds no need to consider any factual assertions not included in the pleadings. The Court further, and for the reasons set forth below, finds no basis for dismissal under Rule 12(b)(6).

Plaintiff brings claims for unpaid federal income taxes (Form 1040), penalties, interest, and other statutory additions for taxable periods, unpaid civil penalties pursuant to 26 U.S.C. § 6702 (penalty for frivolous tax submissions) and interest, and statutory liens under 26 U.S.C. § 6323. Dkt. 21, ¶¶15-22. In seeking dismissal of these claims, Defendants point to a provision in an Internal Revenue Service (IRS) manual stating that taxpayers assess and pay their tax liabilities "voluntarily." Dkt. 34 at 1. Defendants assert their entitlement to dismissal because Mr. Beresford "never voluntarily agreed to assess or pay his tax liabilities." *Id*. at 1-2. Defendants also contend the IRS violated due process by "refusing to cite an authorizing statute, and by attempting to collect taxes without an authorizing statute," and that, as a result, "no taxes, penalties or interest are owed." *Id*. at 3.

Neither the requirement to file a tax return, nor the requirement to pay taxes is voluntary. *See, e.g., Wilcox v. Commissioner of the Internal Revenue*, 848 F.2d 1007, 1008 (9th Cir. 1988) ("[P]aying taxes is not voluntary."); *United States v. Kraus*, No. C16-5449-BHS, 2018 WL 1610225, at *5 (W.D. Wash. Apr. 3, 2018) (noting the defendant's tax "filing and payment obligations are set out in 26 U.S.C. § 6011 (duty to file returns in general); 26 U.S.C. § 6012 (duty to file income tax returns in particular); and 26 U.S.C. § 6151 (duty to pay tax at time return must be filed)"); and https://www.irs.gov/privacy-disclosure/the-truth-about-frivolous-arguments-section-i-a-to-c# at contentiona1 ("The word 'voluntary,' as used in . . . IRS publications, refers to our system of allowing taxpayers initially to determine the correct amount of tax and complete the appropriate returns, rather than have the government determine tax for them from the outset. The requirement to file an income tax return is not voluntary[.]") and at contentiona2 ("Section 1 of the Internal Revenue Code clearly imposes a tax on the taxable income of individuals, estates, and trusts," while "the obligation to pay tax is described in section

6151, which requires taxpayers to submit payment with their tax returns.")  The government is also authorized by statute to collect unpaid taxes, *see* 26 U.S.C. § 7401 ("No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."), as is reflected in the First Amended Complaint, Dkt. 21, ¶2 ("This action is brought pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and with the authorization of Area Counsel of the [IRS], a delegate of the Secretary of the Treasury.")

      The arguments raised in Defendants' motion have "long been recognized as frivolous." *Kraus*, 2018 WL 1610225, at *5 (rejecting as frivolous the argument that the government had "failed to carry its burden by articulating what law requires him to pay the assessed income taxes.") (citing *Aldrich v. C.I.R.*, 106 T.C.M. (CCH) 192 (T.C. 2013)).  Indeed, Mr. Beresford is well aware, through a prior court case, that his contention "that the federal income tax system is based on voluntary compliance, has been held to be 'completely lacking in legal merit and patently frivolous.'" *Beresford v. I.R.S.*, No. C00-293, 2000 WL 1274245, at *2 (D. Or. July 13, 2000) (quoting *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990), and citing *Wilcox*, 848 F.2d at 1008), *aff'd*, 4 F. App'x 525 (9th Cir. 2001), *cert. denied*, 534 U.S. 896 (2001).  "The Court need not continue to address such frivolous arguments 'with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit' when they plainly do not." *Kraus*, 2018 WL 1610225, at *5 (quoting *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984)).  The Court should, as such, deny Defendants' motion.

      / / /

## CONCLUSION

The Court recommends Defendants' Motion to Dismiss Amended Complaint, Dkt. 34, be DENIED. The Court also notes and finds reasonable Plaintiff's request that the Court set a Rule 16 scheduling conference to facilitate the continuation of discovery in this matter. Such a conference should be set following consideration of this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 2, 2022**.

Dated this 18th day of August, 2022.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge