THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>STEVEN M. BERESFORD, *et al.*,<br><br>  Defendants. | CASE NO. C21-5345-JCC-SKV<br><br>ORDER |

    This matter comes before the Court on a joint motion to approve a stipulation regarding the priority of lienholders' interests and to dismiss Defendant Select Portfolio Servicing, Inc. ("SPS") filed by the United States, Wilmington Trust Company As Trustee for Mastr Alternative Loan Trust 2004-4 Mortgage Pass-Through Certificates, Series 2004-4 ("MALT 2004-4"), Wilmington Trust Company As Trustee for Mastr Alternative Loan Trust 2004-6 Mortgage Pass-Through Certificates, Series 2004-6 ("MALT 2004-6"), U.S. Bank National Association, as Trustee for ABS Loan Trust VI ("U.S. Bank"), Clark County, Washington ("Clark County"), and SPS[1] (Dkt. No. 49). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the joint motion.

    The United States initiated this action in May 2021, seeking to reduce Defendant Steven

---

[1] For purposes of this motion, the Court refers to these parties collectively as "Moving Parties."

Beresford's tax liabilities to judgment and to foreclose tax liens on Beresford's property ("Subject Property"). (Dkt. No. 1). Various defendants, including MALT 2004-4, MALT 2004-6, U.S. Bank., Clark County, and SPS, were named as defendants because of their potential interest in the Subject Property. (Dkt. No. 48.) The Moving Parties now ask the Court to approve a stipulation regarding the interests of various lien holders and to dismiss SPS. (Dkt. No. 49.)

First, the Moving Parties stipulate and agree that in the event the Court orders the sale of the Subject Property, it will be sold free and clear of interests of the parties in this case and the sale proceeds will be distributed as stipulated. (Dkt. No. 49 at 6–7.) The Court APPROVES the stipulation as to the priority of liens as reflected in the joint motion.[2] (*Id.*) Furthermore, except as provided for in the joint motion, MALT 2004-4, MALT 2004-6, U.S. Bank, and Clark County are excused from further participation in this case, including, but not limited to, scheduling conferences, settlement conferences, and trial, and shall be deemed essentially as third parties to the action.

Second, the Moving Parties ask the Court to dismiss SPS from this case pursuant to Rule 41(a)(2). (Dkt. No. 49 at 7.) In the motion, SPS states it does not claim an interest in the Subject Property and disclaims any interest it may hold. (*Id.* at 5.) This request is unopposed. Therefore, finding good cause, the Court DISMISSES SPS from this action without prejudice.

For the foregoing reasons, the Moving Parties' joint motion for approval of the stipulation and to dismiss SPS (Dkt. No. 49) is GRANTED.

//
//
//

---

[2] Defendants Beresford and McKnight object to the Moving Parties' stipulation. (Dkt. No. 53.) They dispute MALT 2004-6's interest in the Subject Property. (*Id.*) Because Beresford and McKnight are not parties to the stipulation, this Order will not preclude them from filing a motion to challenge the interests of any of the lien holder defendants in the Subject Property. The deadline for any such motion will be determined in a forthcoming amended scheduling order.

DATED this 2nd day of November 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE