UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. C21-5345-JCC-SKV |
|---|---|
| Plaintiff, | ORDER SETTING TRIAL DATE AND RELATED DATES |
| v. | |
| STEVEN M. BERESFORD, et al., | |
| Defendants. | |

Having reviewed the Joint Status Report and Discovery Plan submitted by the parties, the Court hereby sets this case for trial before the Honorable John C. Coughenour and orders the following pretrial schedule:

| Event | Date |
|---|---|
| JURY TRIAL SET FOR 9:30 a.m. on | **10/2/2023** |
| Length of trial | 1-2 days |
| Deadline for joining parties | 1/17/2023 |
| Deadline for amending pleadings | 2/14/2023 |
| Disclosure of expert testimony under FRCP 26(a)(2) due | 3/2/2023 |

- 1

Case 3:21-cv-05345-JCC-SKV   Document 69   Filed 12/20/22   Page 2 of 5

| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) due | 3/23/2023 |
|---|---|
| All motions related to discovery must be filed by this date and noted for consideration no later than the third Friday thereafter (*see* LCR 7(d) or LCR 37(a)(2)) | 4/3/2023 |
| Discovery to be completed by | 5/2/2023 |
| All dispositive motions must be filed by this date and noted for consideration no later than the fourth Friday thereafter (*see* LCR 7(d)) | 6/2/2023 |
| Settlement Conference per LCR 39.1(c)(2) held no later than | 7/3/2023 |
| Mediation per LCR 39.1(c) held no later than | 8/2/2023 |
| All motions in limine must be filed by this date and noted for consideration no earlier than the third Friday after filing but no later than the Friday before the pretrial conference (*see* LCR 7(d)(4)) | 9/5/2023 |
| Agreed LCR 16.1 Pretrial Order due | 9/20/2023 |
| Trial briefs, proposed voir dire questions, proposed jury instructions, deposition designations, and exhibit lists are due by this date; Counsel are to confer and indicate with their submissions which exhibits are agreed to | 9/25/2023 |
| Pretrial conference | TBD |

The dates set forth in this order are firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown. Failure to complete discovery within the time allowed is not recognized as good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify Deputy Clerk Kadya Peter in writing within ten (10) days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver.

ORDER SETTING TRIAL DATE AND RELATED DATES - 2

Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

**PROCEDURAL INFORMATION**

The parties and counsel are encouraged to advise the Court of their pronouns and honorifics (such as Ms., Mx., or Mr.,) and may do so in signature lines or by advising the in-court deputy clerk before a hearing begins, either via email or in person.

The Court encourages parties and counsel to be mindful of opportunities for new lawyers (practicing less than seven years) to conduct hearings before the Court, especially where these lawyers drafted or significantly contributed to motions and responses. The Court is aware that having a new lawyer appear may not be appropriate or in the client's best interest in all instances. Therefore, an experienced attorney may supplement a new lawyer's arguments and witness examination questions with their own if necessary.

Judge Vaughan does not automatically schedule oral argument upon request. The parties will be contacted if, after reviewing the briefing, Judge Vaughan believes oral argument will be helpful in resolving the motion.

Unless otherwise ordered by the Court, a paper copy of the following electronically filed documents (including the Notice of Electronic Filing) must be marked as a "JUDGE'S COPY" and delivered to the Clerk's Office within three business days after the electronic filing: dispositive motions and motions for injunctive relief (including all related documents); Social Security administrative records; and any other documents (including all related documents) that, in the aggregate, are in excess of 50 pages.

All counsel and unrepresented parties should review Judge Vaughan's web page for further procedural information applicable to cases before Judge Vaughan. Judge Vaughan's web

page, in addition to the Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, can be found on the Court's website at www.wawd.uscourts.gov.

## COOPERATION

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. Judge Vaughan strongly encourages parties to make every effort to resolve discovery disputes without the Court's intervention. The Court strictly construes the meet and confer requirements. To the extent motions practice is necessary, Judge Vaughan encourages parties to take advantage of the expedited discovery dispute procedures described in Local Civil Rule 37(a)(2). This approach may resolve the dispute in an expedient manner and avoid the extra costs associated with motions practice. The moving party must make reasonable efforts to have all parties to the discovery dispute participate in contacting the Court to request a telephonic motion. *See* Local Civil Rule 7(i). Counsel may contact Stefanie Prather, Courtroom Deputy, by email at stefanie_prather@wawd.uscourts.gov or by telephone at (206) 370-8420 to arrange a telephone conference with the Court.

Counsel are also directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as ordered below.

## EXHIBITS

The Court must receive all trial exhibits by the morning of trial. All trial exhibits must be pre-marked by counsel. Exhibit tags can be obtained from the Clerk's Office. Plaintiff's exhibits shall be numbered consecutively starting with number 1. Defendant's exhibits shall be numbered consecutively starting with number A-1. Duplicated documents shall not be listed twice on the exhibit list. Once a party has identified an exhibit on the exhibit list or in the pretrial order, any

party may use it. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs. This original, and one copy, should be delivered to the in-court clerk on the morning of trial. If the exhibit list is revised at any time after it is filed with the Court, counsel shall file a revised exhibit list and provide the Courtroom Deputy with a redlined version indicating the changes. Jurors have high expectations about the lawyers' ability to operate the evidence presentation devices in the courtroom. Training is strongly encouraged.

**SETTLEMENT**

If this case settles, plaintiff's counsel shall notify Stefanie Prather at (206) 370-8420 or via email at: Stefanie_Prather@wawd.uscourts.gov, as soon as possible.  Pursuant to LCR11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.  The Clerk is directed to send copies of this Order to all parties of record.

Dated this 20th day of December, 2022.

S. KATE VAUGHAN
United States Magistrate Judge