UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEVEN M. BERESFORD, et al.,

    Defendants.

CASE NO. C21-5345-JCC-SKV

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND BACKGROUND

Plaintiff United States of America brought this civil action to reduce to judgment the assessments of outstanding tax liabilities of Defendant Steven Beresford, and to foreclose federal tax liens upon real property located at 19300 NE 6th Street, Camas, Washington 98607 ("Property"). Dkts. 48 and 73.[1] Plaintiff also seeks a declaratory judgment that the tax assessments and associated penalties are excepted from Mr. Beresford's bankruptcy discharge. Dkt. 48 at ¶¶25-40; Dkt.73 at ¶¶26-41. Plaintiff included Diana Beresford, aka Diana McKnight, as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because she may hold an interest in

---

[1] Since the filing of Defendant's motion for judgment on the pleadings, Dkt. 62, Plaintiff has filed a third amended complaint. *See* Dkt. 73. The third amended complaint is substantially the same as the second amended complaint. *See* Dkt. 48. For the sake of clarity, however, the Court will cite to both amended complaints where applicable.

REPORT AND RECOMMENDATION - 1

the Property. *See also* Dkt. 48 at ¶¶8-13; Dkt. 73 at ¶¶8-13 (naming other defendants that may hold interests in the property).

Now pending before the Court is a motion for judgment on the pleadings filed by Steven Beresford ("Defendant Beresford"). Dkt. 62. Plaintiff opposes the motion. Dkt. 66. The Court, having considered the briefing, recommends Defendant Beresford's Motion for Judgment on the Pleadings be DENIED for the reasons set forth below.

## II. DISCUSSION

### A. Legal Standard

Defendant Beresford seeks dismissal of this matter for "failure to state a claim upon which relief can be granted" under Federal Rules of Civil Procedure 12(b)(6), 12(c), and 56(a). Dkt. 62 at 1. The Court construes Defendant Beresford's request only as a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). Consideration of a Rule 12(c) motion is "functionally identical" to that of a 12(b)(6) motion, and the standard of review is the same. *Gregg v. Hawaii, Dep't of Safety*, 870 F.3d 883, 886-87 (9th Cir. 2017) (citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). Moreover, the Court finds no need to consider any factual assertions not included in the pleadings, so to additionally analyze Defendant's motion under Rule 56(a) would be fruitless. Fed. R. Civ. P. 56(a).

In deciding a 12(c) motion, the Court "may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them." 2 Moore's Federal Practice - Civil § 12.38 (2022). Dismissal is only appropriate if the moving party has "clearly establishe[d] on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook*

*Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997). As with a Rule 12(b)(6) motion, the Court must view the facts in the light most favorable to the nonmoving party and must accept that party's allegations as true. *See Cafasso*, 637 F.3d at 1053.

**B. Defendants' Motion for Judgment on the Pleadings**

For the reasons set forth below, the Court finds no cause to grant Defendant Beresford's motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). Plaintiff brings claims for unpaid federal income taxes (Form 1040), penalties, interest, and other statutory additions for taxable periods, unpaid civil penalties pursuant to 26 U.S.C. § 6702 (penalty for frivolous tax submissions) and interest, and statutory liens under 26 U.S.C. § 6323. Dkt. 48 at ¶¶17-24; Dkt. 73 at ¶¶17-25. In seeking to dismiss the action, Defendant Beresford asserts he is entitled to judgment as a matter of law because "the income tax system is based on voluntary compliance," therefore "the assessment and payment of taxes is voluntary," and he "has never voluntarily agreed to the assessment or payment of income tax." Dkt. 62 at 1-2. To support his argument, Defendant Beresford lists in his motion various statements selected from Internal Revenue Service ("IRS") rules and regulations, an IRS manual, the IRS mission statement, the Federal Register, and a United States Supreme Court decision, *Flora v. United States*, 362 U.S. 145 (1960). *Id.* Defendant Beresford describes these statements as "authoritative" in proving he is entitled to judgment as a matter of law. *Id.*

Neither the requirement to file a tax return, nor the requirement to pay taxes, is voluntary. *See, e.g., Wilcox v. Comm'r of the Internal Revenue*, 848 F.2d 1007, 1008 (9th Cir. 1988) ("[P]aying taxes is not voluntary."); *United States v. Kraus*, No. C16-5449-BHS, 2018 WL 1610225, at *5 (W.D. Wash. Apr. 3, 2018) (noting the defendant's tax "filing and payment obligations are set out in 26 U.S.C. § 6011 (duty to file returns in general); 26 U.S.C. § 6012 (duty to file income tax returns in particular); and 26 U.S.C. § 6151 (duty to pay tax at time

return must be filed)"); and https://www. irs.gov/privacy-disclosure/the-truth-about-frivolous-arguments-section-i-a-to-c# at Contention A(1) ("The word 'voluntary,' as used in [*Flora*, 362 U.S. 145 (1960)] and in IRS publications, refers to our system of allowing taxpayers initially to determine the correct amount of tax and complete the appropriate returns, rather than have the government determine tax for them from the outset. The requirement to file an income tax return is not voluntary[.]") and at Contention A(2) ("Section 1 of the Internal Revenue Code clearly imposes a tax on the taxable income of individuals, estates, and trusts," while "the obligation to pay tax is described in section 6151, which requires taxpayers to submit payment with their tax returns."). Indeed, the government is authorized by statute to collect unpaid taxes, *see* 26 U.S.C. § 7401 ("No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."), a fact that is reflected in the second and third amended complaints. *See* Dkts. 48 at ¶2; 73 at ¶2 ("This action is brought pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and with the authorization of Area Counsel of the [IRS], a delegate of the Secretary of the Treasury.").

      As the Court previously explained in its report and recommendation to deny Defendants' motion to dismiss, Dkt. 43, Defendant Beresford's arguments here have "long been recognized as frivolous." *Kraus*, 2018 WL 1610225, at *5 (rejecting as frivolous defendant's argument that the government had "failed to carry its burden by articulating what law requires him to pay the assessed income taxes.") (citing *Aldrich v. C.I.R.*, 106 T.C.M. (CCH) 192 (T.C. 2013)). Defendant Beresford was undeniably made aware in a prior court case that his contention "that the federal income tax system is based on voluntary compliance, has been held to be 'completely

lacking in legal merit and patently frivolous.'" *Beresford v. I.R.S.*, No. C00-293, 2000 WL 1274245, at *2 (D. Or. July 13, 2000) (quoting *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990), and citing *Wilcox*, 848 F.2d at 1008), *aff'd*, 4 F. App'x 525 (9th Cir. 2001), *cert. denied*, 534 U.S. 896 (2001). "The Court need not continue to address such frivolous arguments 'with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit' when they plainly do not." *Kraus*, 2018 WL 1610225, at *5 (quoting *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984)). The Court should deny Defendants' motion for judgment on the pleadings, Dkt. 62.

### III. CONCLUSION

For the reasons discussed herein, the Court recommends Defendants' Motion for Judgment on the Pleadings, Dkt. 62, be DENIED.

### IV. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 3, 2023**.

Dated this 18th day of January, 2023.

                                                    S. KATE VAUGHAN
                                                    United States Magistrate Judge