THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN M. BERESFORD, *et al.*,<br><br>    Defendants. | CASE NO. C21-5345-JCC-SKV<br><br>ORDER |

    This matter comes before the Court on the report and recommendation ("R&R") of the Honorable S. Kate Vaughan, U.S. Magistrate Judge. (Dkt. No. 93.) Having thoroughly considered the R&R and the relevant record, the Court finds oral argument unnecessary, OVERRULES Defendant's objections, and ADOPTS Judge Vaughan's R&R.

    In or around 2006, the IRS initiated an audit examination of Defendant Steven M. Beresford and found that he failed to report his taxable income for the 2003-2006 term. (*See* Dkt. No. 21.) After the audit, Defendant filed for bankruptcy and received a discharge from the bankruptcy court. (*Id.*) Now, the Government moves for summary judgment to i) insulate Defendant's tax debt from the bankruptcy discharge; ii) reduce the 2003-2006 IRS tax assessments to judgment; and iii) enforce a tax lien against Defendant's property. (*See* Dkt. No. 21.) In both his response and objections, Defendant urges the Court to consider his tax debt as constituting separate property in lieu of community property, thereby relieving his former spouse

and the property they co-own from being subject to a lien. (*See* Dkt. Nos. 88, 96.) In addition, Defendant argues in his objections that the Court erred by failing to address the IRS's culpability for imposing civil liability on the Defendant given that, on Defendant's view, the American income tax system is a "voluntary" one. (*See* Dkt. No. 96). Judge Vaughan recommends that the Court grant the Government's motion for summary judgment. (Dkt. No. 93.)

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such "objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.* Accordingly, *de novo* review is not required when a party fails to direct the court to a specific error in the report and recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003).

Defendant merely restates his factual and legal allegations previously considered by Judge Vaughan. (*See generally* Dkt. Nos. 88, 96.) Despite Judge Vaughan's in-depth report and recommendation, Defendant fails to identify any legal basis for challenging the Government's attempt to insulate his tax debt from a bankruptcy discharge; nor does he identify any basis for rebutting the presumption of correctness established by the Government entitling it to judgment on Defendant's income tax assessments; nor does he raise any cognizable claim challenging the Government's basis for attaching a lien to Defendant's co-owned property. Furthermore, Defendant points to no specific error in Judge Vaughan's analysis other than his unfounded

claim that the Court errs in not finding the IRS liable for pursuing civil liability for unpaid taxes.

Accordingly, the Court ORDERS as follows:

1. The report and recommendation (Dkt. No. 93) is ADOPTED;
2. Defendant's Motion for Summary Judgment (Dkt. No. 86) is DENIED;
3. United States' Motion for Summary Judgment (Dkt. No. 85) is GRANTED;
4. United States' Motion for Default Judgment against Capital One Bank (USA) and N.A. (Capital One) per Dkt. No. 85 is GRANTED;
5. The Clerk is DIRECTED to send a copy of this order to the parties and to Judge Vaughan.

DATED this 24th day of August 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE