Judge John C. Coughenour

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | Case No. 3:21-cv-05345-JCC-SKV |
|---|---|
| Plaintiff, | [~~Proposed~~] **ORDER GRANTING UNITED STATES' MOTION FOR DECREE OF FORECLOSURE, APPOINTMENT OF RECEIVER AND ORDER OF SALE FOR THE CAMAS PROPERTY** |
| v. | |
| STEVEN M. BERESFORD, *et al.*, | |
| Defendants. | |

The United States has moved for a Decree of Foreclosure, Appointment of Receiver and Order of Sale to enforce a tax lien against the Camas Property, detailed below. Having satisfied the conditions for foreclosing its tax liens pursuant to 26 U.S.C. § 7403, the Court enters this Order of Sale. The United States also requested that a receiver be appointed to sell the Camas Property, and has nominated Steve Rosling, of Rosling Real Estate Group, to take custody and arrange for the sale of the Camas Property. For good cause shown, it is hereby:

**ORDERED** that the United States' Motion for a Decree of Foreclosure, Appointment of Receiver and Order of Sale is **GRANTED**. Accordingly, it is further **ORDERED** as follows:

1. The real property described below shall be sold under the Judgment of this Court, pursuant to 26 U.S.C. § 7403, and according to the terms set out below.

Order of Judicial Sale
(Case No. 3:21-cv-05345)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

2. Steve Rosling, of Rosling Real Estate Group is **APPOINTED**, pursuant to 26 U.S.C. § 7402(a) and § 7403(d), to act as the receiver and sell the property according to the terms set out below.

## Identification of Property Subject to Receivership and Sale

The real property at issue is located in Clark County, Washington, with a street address of 19300 NE 6th Street, Camas, Washington, 98607, bearing APN No. 176150030 and described more particularly as follows:

> LOT 15, REGENCY PLACE, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME "J" OF PLATS AT PAGE 158 RECORDS OF CLARK COUNTY, WASHINGTON.

This property is referred to here as the "Camas Property." The Receiver is directed to take possession of the Camas Property, including all improvements, buildings, fixtures, materials, contents, and appurtenances thereon, to preserve and protect the value of that property, to put it into marketable condition, and to arrange for the sale of that property, free and clear of any rights, titles, claims, or interests of any of the parties to this action.

## The Receivership and Authorization of Sale and Terms and Conditions of Sale

The terms of the Receiver's sale of the Camas Property shall occur as follows:

1. The sale of the Camas Property is ordered pursuant to federal law and is made without right of redemption.

2. The Receiver has the authority to, and is directed to, arrange for the sale of the Camas Property. The initial listing price may be set by the United States in consultation with the Receiver. If lack of buyer interest or buyer feedback indicates that the listing price is too high, the United States, in consultation with the Receiver, may lower the listing price. The United States, in consultation with the Receiver, shall have the exclusive authority to decide what counter-offers, if any, to make in

Order of Judicial Sale
(Case No. 3:21-cv-05345)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6056

response to an offer. The United States will have the exclusive authority to decide whether to accept an offer or counter-offer for the property. The terms of any purchase agreement must include the balance of the purchase price paid in cash or certified check at closing, and must include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform. Any forfeited earnest money proceeds shall be distributed first to the Receiver to the extent of expenses incurred by the Receiver in accordance with paragraph 4 of this order, with the remainder to be deposited into the court registry for further adjudication, except to the extent the United States, in its exclusive discretion, agrees that such monies may be used for maintenance, repairs, and/or improvements. A purchase agreement may include other customary and reasonable terms in the discretion of the United States, in consultation with the Receiver. At closing, the purchaser or purchasers shall receive a deed to the Camas Property, executed by the Receiver, that shall be free and clear of the interests or other claims of all parties to this action with the same to attach to the proceeds in the same order of priority as they have against the property.

3. The Receiver has all the rights and powers necessary to fulfill his obligations under this Order, specifically including, but not limited to, the power to enter the Camas Property, to inspect the Camas Property, to advertise the sale of the Camas Property, to show the Camas Property to prospective buyers, to take any action reasonably necessary to protect and preserve the value of the Camas Property before sale, and to put the Camas Property into saleable condition, including expending funds first approved by the United States for reasonable and necessary repairs, maintenance, and minor improvements, including, but not limited to, the purchase of property and liability insurance.

4. The Receiver shall be compensated from the proceeds of the sale of the Camas

Order of Judicial Sale
(Case No. 3:21-cv-05345)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

Property (a) in an amount equal to six-percent (6%) of the gross sale proceeds from which the Receiver must pay any buyer broker commission; (b) for his reasonable and necessary expenditures under paragraph 3-4 above (i.e., for repairs, maintenance, minor improvements, and/or insurance) that were first approved by the United States; and (c) an amount for any consultations concerning the sale of personal property first approved by the United States under paragraph 2, above, for which the Receiver may charge $50 per hour for these services, limited to 20 hours per month. The Receiver shall receive payment of the above-described compensation from a distribution from the proceeds of the sale, as a direct cost of sale, and before any net sale proceeds are used to pay the claims of the parties to this action.

5. On confirmation of the sale, all interests in, liens against, or claims to, the Camas Property that are held or asserted by all parties to this action are discharged and extinguished.

6. On confirmation of the sale, the buyer shall have the County Recorder for Clark County reflect transfer of the Camas Property to the buyer on Clark County's register of title.

7. Net proceeds shall be deposited with the Court unless directed otherwise in a sale authorization order. After the closing of a sale of the Camas Property, the United States shall file a request for an order of distribution of the net sale proceeds according to the determined order of priority, *see* ECF Nos 49 and 56, which shall propose which person and/or entities shall receive payment from the net proceeds and the amount each person and/or entity shall receive, detailed specifically in the Distribution of Proceeds section below.

**Effect of Order on the Defendants' Occupation of the Property**

8. This Order shall constitute a special writ of execution with respect to Steven M. Beresford and Diana McKnight a/k/a Diana Beresford and no further order or process

Order of Judicial Sale
(Case No. 3:21-cv-05345)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6056

from the Court must be required.

9. This Order of Sale terminates any right of possession to the Camas Property held by defendants Steven M. Beresford and Diana McKnight a/k/a Diana Beresford.

10. Steven M. Beresford, Diana McKnight a/k/a Diana Beresford, and all other persons occupying the Camas Property shall leave and vacate the Camas Property permanently within 30 days of this order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Camas Property). If any person fails or refuses to leave and vacate the Camas Property by the time specified in this Order, the U.S. Marshal's Office or the Clark County Sheriff's Office is authorized to take whatever action it deems appropriate to remove such person(s) from the premises. **Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purpose of executing this Order. The U.S. Marshal or the Clark County Sheriff's Office is further authorized and directed to arrest and/or evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order**. No person shall be permitted to return to the Camas Property and/or remain thereon without the express written authorization of the Receiver, and/or the U.S. Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their representatives and/or designees. Unauthorized persons who re-enter the Camas Property during the time this Order is in effect may be ejected by the U.S. Marshal or the Clark County Sheriff's Office without further order of the Court.

11. If any person fails or refuses to remove his or her personal property from the Camas Property within 30 days of this Order, this paragraph shall apply.

    a. The occupant who left personal property may request permission from the

Order of Judicial Sale
(Case No. 3:21-cv-05345)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6056

Receiver to return to the Camas Property solely to remove the occupant's personal property. This permission will not be unreasonably withheld.

b. After obtaining permission from the Receiver, the previous occupant shall not return to the Camas Property without being accompanied by the Receiver unless the Receiver specifically gives permission for them to return unaccompanied.

c. If any of the occupant(s)'s personal property, not including improvements, buildings, fixtures, and appurtenances, remains on the Camas Property after 30 days from the date of this Order, the personal property shall be deemed abandoned because it has remained on land to which prior occupant(s), including Steven M. Beresford and Diana McKnight a/k/a Diana Beresford, have no possessory right for. After 30 days from the date of this Order, the Receiver may dispose of any such abandoned property by any means he may deem appropriate, including destruction, charitable donation, or sale. The United States may authorize the Receiver to consult various experts on the sale of contents inside the property, including art, furnishings, vehicles, and equipment. Nothing in this Order will restrict or otherwise interfere with the Internal Revenue Service's ability to administratively collect against personal property, in accordance with the law.

d. If any abandoned personal property is sold, the proceeds of the sale shall be applied first to the costs of the sale. Any remaining balance shall be paid into the registry of the Court for further distribution.

e. If any abandoned personal property is left upon the Camas Property at the time the sale is confirmed, ownership of that personal property shall also pass to the buyer of the Camas Property.

f. If the Receiver believes that any item of personal property on the Camas

Order of Judicial Sale
(Case No. 3:21-cv-05345)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6056

     Property is potentially dangerous (for instance, firearms, other weapons, or incendiaries), the Receiver may, in his discretion, secure the item rather than leaving it on the Camas Property. The item may be secured in any reasonable manner, expressly including removing the item to the Receiver's office or other facility. Any such item may be returned to the owner if: (1) the owner makes a proof of ownership satisfactory to the Receiver; (2) the owner pays any reasonable costs of securing the item the Receiver may have incurred; (3) the item can be returned to the owner in a manner that is safe and legal under the circumstances; and (4) the Receiver is satisfied that returning the property to the owner would not create a safety hazard to the owner or anyone else. If no person claims ownership of an item secured by the Receiver within 30 days, the Receiver may dispose of the item in any way he sees fit.

g. If the personal property includes live animals, the Receiver must take humane steps as may be reasonable for the animals to be removed from the Camas Property. Any extra costs incurred in removing the animals shall be reimbursable as a cost of sale.

h. Until the sale of the Camas Property is confirmed, Steven M. Beresford, and Diana McKnight a/k/a Diana Beresford must take all reasonable steps necessary to preserve the Camas Property (including all buildings, improvements, fixtures, and appurtenances on the Camas Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Camas Property, and ensuring that ad valorem taxes on the Camas Property are paid on time. Steven M. Beresford and Diana McKnight a/k/a Diana Beresford shall neither commit waste against the Camas Property nor cause or permit anyone else to do so. Steven M. Beresford and Diana McKnight a/k/a Diana Beresford shall neither do anything that tends to

Order of Judicial Sale
(Case No. 3:21-cv-05345)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6056

reduce the value or marketability of the Camas Property nor cause or permit anyone else to do so. Steven M. Beresford and Diana McKnight a/k/a Diana Beresford shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Camas Property or that may tend to deter or discourage potential bidders from attempting to buy or inspect the Camas Property, nor shall they cause or permit anyone else to do so.

### Distribution of Proceeds

12. After the sale, the Receiver shall deposit the sale proceeds into the court's registry. Once the proceeds are within the registry, the United States shall obtain updated amounts the lienholders claim against the Camas Property and move for an order confirming the sale and for distribution of the proceeds.

**IT IS SO ORDERED.**

Dated this 6th day of August 2024.

							*/s/ John C. Coughenour*
							**JOHN C. COUGHENOUR**
							**Senior United States District Judge**

Order of Judicial Sale
(Case No. 3:21-cv-05345)

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056